**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RUBEN RICHARD CRAIG | : | |
| | : | |
| Appellant | : | No. 1101 WDA 2023 |

Appeal from the PCRA Order Entered August 23, 2023
In the Court of Common Pleas of Venango County Criminal Division at
No(s):  CP-61-CR-0000480-2016

BEFORE:  KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY BECK, J.:                    **FILED: April 28, 2025**

Ruben Richard Craig ("Craig") appeals pro se from the order entered by the Venango County Court of Common Pleas dismissing his serial petition pursuant to the Post Conviction Relief Act ("PCRA").[1]  Because Craig filed an untimely PCRA petition and failed to plead or prove an exception to the statutory time bar, we affirm.

On direct appeal from Appellant's judgment of sentence, this Court summarized the facts of his case, as follows:

> The record reveals that [Craig] is forbidden to possess a firearm because of a 2004 conviction for aggravated assault.  After receiving an eyewitness report and video surveillance of [Craig] purchasing a gun, police executed a warrant on [Craig]'s home on June 8, 2016.  Police recovered a fully loaded Mossberg twelve-gauge shotgun and a fully loaded Hi-Point .380 pistol[,] registered to [Craig]'s then-girlfriend (and current wife)[,] and purchased in

---

[1]  42 Pa.C.S. §§ 9541-9546.

January of 2016. Police arrested [Craig] and charged him with [two counts of persons not to possess a firearm].

***Commonwealth v. Craig***, 1546 WDA 2017, at 1-2 (Pa. Super. Nov. 30, 2018) (non-precedential decision).

On direct appeal from the dismissal of his first PCRA petition, this Court summarized the procedural history of this case as follows:

One day before his jury trial began, [Craig] moved to proceed pro se. After conducting a colloquy in accordance with ***Grazier***,[2] the court permitted [Craig] to represent himself, with standby counsel. At the close of trial in February of 2017, the jury convicted [Craig] of the above-stated offenses. He was sentenced on April 28, 2017, to an aggregate term of 54 to 120 months [of] incarceration. He filed a direct appeal, and this Court affirmed his judgment of sentence. ***See Craig***, [1546 WDA 2017, at 4].

[Craig] did not seek permission to appeal to our Supreme Court. On October 30, 2019, [Craig] filed a timely, pro se PCRA petition. He again indicated that he wished to represent himself and, after conducting another ***Grazier*** hearing, the court permitted him to do so. [Craig] thereafter filed a pro se amended petition, as well as numerous pro se motions, including motions seeking discovery. On August 21, 2020, the court issued an order and opinion denying [Craig]'s pro se motions and his PCRA petition without a hearing.

***Commonwealth v. Craig***, 2021 WL 4739495, at *1 (Pa. Super. Oct. 12, 2021) (non-precedential decision; footnote omitted). On October 12, 2021, after Craig requested counsel for his PCRA appeal and this Court remanded the matter to the PCRA court for the appointment of counsel, we affirmed the denial of his first PCRA petition. ***See id.*** at *1-5.

_____

[2] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

- 2 -

On November 1, 2022, Craig filed the PCRA petition underlying this appeal, his second, in which he raised numerous claims of ineffective assistance of counsel. *See* PCRA Petition, 11/1/2022, ¶¶ 10-14. On May 23, 2023, Craig filed an amended petition. The PCRA court subsequently issued notice of its intent to dismiss Craig's petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. On August 23, 2023, the PCRA court dismissed the petition as untimely.

Craig timely appealed to this Court. Both Craig and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925.

Prior to addressing the claims Craig raises on appeal, the threshold question we must address is whether he timely filed his third PCRA petition or, alternatively, whether he satisfied an exception to the statutory time bar. *See Commonwealth v. Brown*, 141 A.3d 491, 499 (Pa. Super. 2016) ("Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed.") (quotation marks and citation omitted). "The timeliness requirement for PCRA petitions is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition." *Id.* (quotation marks and citation omitted); *see also Commonwealth v. Fantauzzi*, 275 A.3d 986, 994 (Pa. Super. 2022) ("the timeliness of a PCRA petition is jurisdictional and [] if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief"). "As the

timeliness of a PCRA petition is a question of law, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Callahan***, 101 A.3d 118, 121 (Pa. Super. 2014) (citation omitted).

The PCRA sets forth the following mandates governing the timeliness of any PCRA petition:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within one year of the date the claim could have been presented." ***Id.*** § 9545(b)(2).

The trial court sentenced Craig on April 28, 2017, and this Court affirmed his judgment of sentence on November 30, 2018. Because he did not file a petition for allowance of appeal to the Supreme Court of Pennsylvania, Craig's

- 4 -

judgment of sentence became final on December 31, 2018.[3] *Id.* § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); *see also* Pa.R.A.P. 1113(a) (stating that "a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court … sought to be reviewed"). Therefore, the instant PCRA petition, which Craig filed on November 1, 2022, is facially untimely, as he filed it well beyond one year of the date his judgment of sentence became final.

Further, Craig failed to allege, let alone prove, any exceptions to the PCRA's one-year time bar. *See generally* PCRA Petition, 11/1/2022; Amended PCRA Petition, 5/23/2023; Craig's Brief. Accordingly, the PCRA court did not have jurisdiction to decide the merits of Craig's PCRA petition and we likewise lack jurisdiction to consider the claims he raises on appeal. "Without jurisdiction, we simply do not have the legal authority to address the substantive claims" of a PCRA petition. *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Order affirmed.

---

[3] Because the thirty-day deadline for filing a petition for allowance of appeal fell on Sunday, December 30, 2018, Craig's judgment of sentence became final the next day. *See* Pa.R.A.P. 107.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 04/28/2025